**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50256 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-03281-LAB |
| v. | |
| ELIZABETH SOTO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Elizabeth Soto appeals from the district court's judgment and challenges the

36-month sentence imposed following her guilty-plea conviction for importation of

cocaine, in violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28

U.S.C. § 1291.  We vacate and remand for resentencing.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Soto argues that the district court erred in denying a minor role reduction to her base offense level under U.S.S.G. § 3B1.2(b). After Soto was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016). The Amendment clarified that, in assessing whether a defendant should receive a minor role adjustment, the court should compare her to the other participants in the crime, rather than to a hypothetical average participant. *See* U.S.S.G. App. C. Amend. 794; *Quintero-Leyva*, 823 F.3d at 523. In addition, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See* U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Because the record reflects that the court may have improperly compared Soto to the average drug courier, and may not have considered all of the now-relevant factors, we vacate Soto's sentence and remand for resentencing. *See Quintero-Leyva*, 823 F.3d at 523-24.

**VACATED and REMANDED for resentencing.**

15-50256